## D'ORO *v.* ATLANTIC AVE. R. CO.

*(City Court of Brooklyn, General Term.   March 24, 1891.)*

1. STREET RAILWAYS—INJURY TO PERSON ON TRACK.
    While plaintiff in the performance of his duties was flagging an approaching train at a public crossing he was knocked down by defendant's horse-car, although he was in plain view of the driver for several hundred feet before the car came up to where he was standing.  *Held*, that proof of these facts justified the inference of negligence on the part of defendant and want of negligence on the part of plaintiff.

2. SAME—CONTRIBUTORY NEGLIGENCE.
    A charge that if plaintiff stepped back and came into collision with the car in consequence of stepping back, and the the car would not have struck him if he had not stepped back, then he could not recover, was properly refused as too general.

3. SAME.
    A charge that it was the duty of plaintiff to look and listen for a car approaching on defendant's track, and that, if he did not, in the opinion of the jury, discharge that duty in that respect, he cannot recover, is too broad, as it assumes, as a matter of law, that plaintiff was bound to turn round from the steam-cars which he was flagging and look for defendant's car.

Appeal from trial term.

Action by Christian D'Oro against the Atlantic Avenue Railroad Company.  There was a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

Argued before VAN WYCK and OSBORNE, JJ.

*Tracy, McFarland, Ivins, Boardman & Platt,* for appellant.   *R. H. Carpenter,* for respondent.

VAN WYCK, J.   This is an action to recover damages for personal injuries alleged to have been inflicted through the negligence of defendant.   The jury rendered a verdict of $500 for the plaintiff.   From the judgment entered thereupon, and from the order denying the usual motion for a new trial, the defendant appeals.   The counsel of appellant, in his oral and printed argument, invites our attention to only three exceptions, which will be considered in the order in which they were taken.

The first exception raises the point that the evidence was insufficient to carry the case to the jury on the negligence of defendant and on the freedom of plaintiff from negligence, and that the complaint, on these grounds, should have been dismissed.   We have carefully read and considered the testimony, and are not impressed with the force of this objection.   There is testimony in the case which the jury seem to have credited, and which, if true, establishes that, at the time of the accident, the plaintiff was in the employ of the Long Island Railroad Company as a flagman, at the junction of Washington and Atlantic avenues, where the steam-cars running through Atlantic avenue cross Washington avenue.   The defendant operates a horse-car line which comes down Washington and turns into Atlantic avenue, running very close to the tracks of the Long Island Railroad Company on Atlantic avenue.   The plaintiff was stationed in the space between the two tracks, which was very narrow, but had to be occupied by him in order to flag the trains and prevent serious accident, as the crossing is in great public use.   The space between the overhang of the horse-car and the posts of the gate which usually closed the Washington-Avenue crossing while the steam-cars were passing was 16 to 20 inches.   The position of the plaintiff in this space was a temporary one, as the gate was broken, and it was necessary that a flagman should be employed to warn people of the danger of passing trains.   At the time of the accident a train was approaching, attended with the usual and always startling noise of a steam-engine and train.   The plaintiff was standing in this narrow space, or as nearly so as he could estimate, waving, in the performance of his duty, a flag attached to a staff three and one half feet long.   His face was turned towards the approaching train which he was flagging, and his back was turned towards defendant's track.   He, being intently engaged upon his duties guarding the passage, did not see or hear the approaching car on defendant's track, while he was in plain view of defendant's driver for several hundred feet before the car came up to where he was standing.   Defendant's driver, without slackening his speed, drove right along, knocking plaintiff down with the edge of the front of the car, and injuring him.   From these facts the inference of negligence on the part of the defendant and the want of negligence on the part of the plaintiff can be drawn, and a finding of fact to that effect thereupon is justified.

The second exception was taken to the refusal of the court to charge the following request of defendant's counsel: "I ask your honor to charge the jury that, if this plaintiff stepped back, and came in collision with the car in consequence of stepping back, and the car would not have struck him if he had not stepped back, the plaintiff cannot recover."   This request was too general, and asked for a little too much.   Suppose the plaintiff, under the circumstances surrounding the situation, intently absorbed in the performance of his duty, waving his flag on a three-feet staff, had, in the noise and excitement of the instant—a great steam-engine puffing and ploughing by him—stepped back one, two, or three inches, without which he would not have been struck.   We do not think this, as a matter of law, would have relieved the defendant from the charge of negligence, or, as a matter of law, fastened upon plaintiff the charge of contributory negligence, though it could have

been taken into consideration by the jury in determining both questions, and sustained them in deciding both questions against either plaintiff or defendant.

The third exception was taken to the refusal of the court to charge the request of counsel in the following words: "I ask your honor to charge the jury that it was the duty of this plaintiff to look and listen for a car approaching on that track, and that, if he did not, in the opinion of the jury, discharge that duty in that respect, he cannot recover." This request was too broad, also, for it assumes, as a matter of law, that he was bound to turn around from the steam-cars he was flagging and look for defendant's car. It was for the jury to say whether he exercised ordinary care in the use of the sense of sight to save himself from injury, taking into consideration the necessity of his situation, the character of the duty he was engaged in, the use of the flag, the arrival of the engine at the crossing, his ability or inability to change his position, and the other circumstances of the situation at that time. After a critical examination of the testimony, we do not think the verdict should have been set aside as against the weight of evidence, as contrary to evidence, or as excessive in the amount of damages. The judgment and order appealed from must be therefore affirmed, with costs.